**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT INDIANA**
**INDIANAPOLIS DIVISION**

EASTON FIELDS,

        Plaintiff,

        v.

TRANS UNION, LLC et al.,

        Defendants.

Case No. 1:26-cv-00139-TWP-MJD

## ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), by counsel, answers Plaintiff's Complaint as follows:

Chase admits that Plaintiff's pleading purports to be a complaint for violations of the Fair Credit Reporting Act ("FCRA") but denies Chase violated the FCRA and further denies that Chase is in any way liable to Plaintiff. Except as expressly stated, Chase denies each and every allegation in Plaintiff's Complaint. Chase answers Plaintiff's complaint on behalf of itself only, even where the allegations refer to multiple or all defendants.

### Preliminary Statement[1]

1.      The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the FCRA to ensure fair and accurate credit reporting, promote

---

[1] Plaintiff's headings and subheadings are included here only for organizational purposes. Chase does not adopt or admit any of Plaintiff's headings or subheadings. Plaintiff's footnotes have been omitted.

efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure that consumer reporting agencies ("**CRAs**") exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy because CRAs have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to the CRAs, otherwise known as "**furnishers**."

**ANSWER:** Paragraph 1 states legal conclusions to which no response is required. If a response is required, Chase states that the FCRA speaks for itself and denies any allegations inconsistent with the FCRA.

2.       The purpose of the FCRA is to require CRAs to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and -equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that CRAs, Section 16811, and furnishers, Section 1681s-2(b), must follow when consumers dispute the accuracy of the information reported in their credit files or consumer reports (aka "**credit reports**").

**ANSWER:** Paragraph 2 states legal conclusions to which no response is required. If a response is required, Chase states that the FCRA speaks for itself and denies any allegations inconsistent with the FCRA.

3.      This case concerns Defendants' reporting of multiple fraudulent tradelines on Plaintiff's credit files, disclosures, and consumer reports, which were., opened by an identity thief using Plaintiffs personal, private information.

**ANSWER:**  Chase lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 3 and therefore denies the same.

4.      Plaintiff brings claims against the CRA Defendants for failing to follow reasonable procedures to ensure the maximum possible accuracy of her credit reports in violation of Section 1681e(b) and for their failure to fulfill their reinvestigation duties in violation of Section 1681i.

**ANSWER:**  Paragraph 4 does not make allegations against Chase and therefore does not require a response from Chase. If a response is required, Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

5.      Plaintiff brings claims against the Furnisher Defendants for failing to fulfill their investigation duties in violation of Section 1681s-2(b).

**ANSWER:**  Chase admits that Plaintiff's complaint purports to state claims under Section 1681s-2(b) of the FCRA against the Furnisher Defendants. Chase denies any remaining allegations that relate to Chase. Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 that relate to other defendants and therefore denies the same.

6.     While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

**ANSWER:** Paragraph 6 states a legal conclusion to which no response is required. If a response is required, Chase denies that it violated the FCRA and denies any remaining allegations in Paragraph 6 against it.

7.     Any violations by each Defendant were either negligent, knowing, willful, or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER:**  Chase denies the allegations in Paragraph 7 directed at Chase. Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 that relate to other defendants and therefore denies the same.

8.     Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

**ANSWER:**  Paragraph 8 does not require a response. If a response is required, Chase denies that it violated the FCRA. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies the same.

## Parties

9.      Plaintiff resides in Indianapolis, Indiana. Plaintiff is a consumer as defined by Section 1681a(c) of the FCRA.

**ANSWER:**  Chase admits Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. § 1681a(c). Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies the same.

10.      Trans Union is a consumer reporting agency as defined by Section 1681a(f) and is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by Section 1681 a(p). Trans Union regularly engages in the business of assembling, evaluating, and dispersing information concerning the credit histories of consumers for the purpose of furnishing consumer reports, as defined by Section 1681a(d) of the FCRA, to third parties. Trans Union provides such consumer credit reports to third-party subscribers for monetary compensation.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11.      Equifax is a consumer reporting agency as defined by Section 1681a(f) and is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis as defined by Section 1681a(p). Equifax regularly engages in the business of assembling, evaluating, and dispersing information concerning the credit histories of consumers for the purpose of furnishing consumer reports, as defined by Section 1681a(d) of the FCRA, to third parties. Equifax provides such consumer credit reports to third-party subscribers for monetary compensation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. Experian is a consumer reporting agency as defined by Section 1681 a(f) and is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by Section 1681a(p). Experian regularly engages in the business of assembling, evaluating, and dispersing, information concerning the credit histories of consumers for the purpose of furnishing consumer reports, as defined by Section 1681a(d) of the FCRA, to third parties. Experian provides such consumer credit reports to third-, party subscribers for monetary compensation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. Credit Karma is a consumer reporting agency as defined by Section 1681a(f). Credit Karma regularly engages in the business of assembling, evaluating, and dispersing information concerning the credit histories of consumers for the purpose of furnishing consumer reports, as defined by Section 1681 a(d) of the FCRA, to third parties. Credit Karma provides such consumer credit reports to third-party subscribers for monetary compensation.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. Capital One is a "furnisher" of credit information, as that term is defined by the FCRA.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. Discover is a "furnisher" of credit information, as that term is defined by the FCRA.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16. Chase is a "furnisher" of credit information, as that term is defined by the FCRA.

**ANSWER:** Chase admits that it is a "furnisher" of information to consumer credit reporting agencies as that term is used in the FCRA. Chase denies any remaining allegations in Paragraph 16.

17. Weltman is a "furnisher" of credit information, at [sic] that term is defined by the FCRA.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

## Jurisdiction

18. This lawsuit is being brought pursuant to the FCRA presents a federal question, and as such, jurisdiction arises under 28 U.S.C 1331 and 15 U.S.C 1681, *et seq*.

**ANSWER:** Paragraph 18 states a legal conclusion to which no response is required. If a response is required, Chase admits Plaintiff has alleged jurisdiction is proper but denies the remaining allegations in Paragraph 18.

19.    Venue is proper within this district and division pursuant to 15 U.S.C. 1681p and 28 U.S.C. 1391(b).

**ANSWER:** Paragraph 19 states a legal conclusion to which no response is required. If a response is required, Chase admits Plaintiff has alleged venue is proper but denies the remaining allegations in Paragraph 19.

## Factual Allegations

## Plaintiff is the Victim of Identity Theft

20.    Plaintiff is the victim of identity theft at the hands of Dionne Fields (the "**Identity Thief**").

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21.    The Identity Thief has obtained credit in Plaintiff's name, taken over Plaintiff's accounts and has, in numerous other ways, assumed and used Plaintiff's identity.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

8

22.     The Identity Thief obtained and defaulted numerous credit card accounts which she opened with Discover and Chase using Plaintiff's personal identifying information, resulting in numerous tradelines (aka credit accounts) being added to Plaintiff's Trans Union, Equifax, and Experian credit files.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23.     The Identity Thief obtained and took control over Plaintiff's Capital One accounts using Plaintiff's personal identifying information, resulting in numerous fraudulent charges being billed to those accounts and ultimately furnished to Plaintiff's Trans Union, Equifax, and Experian credit files.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

24.     The Identity Thief added herself as an authorized user to Plaintiff's Capital One tradelines.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25.     The Identity Thief caused the Capital One tradeline account information to change to her own personal identifying information for purposes of concealing her account take over.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26.     Plaintiff's credit files included information which does not belong to Plaintiff and is the result of identity theft (collectively and together with any other not listed or not known and yet to be discovered inaccurate information maintained by the CRAs, the "**Inaccurate Information**"):

| Personal Identifying Information | CRA |
|---|---|
| XXX Howard Street Shelbyville, Indiana | ALL |
| (317) XXX-0088 | ALL |
| (317) XXX-3175 | ALL |
| Dionne Felds | ALL |
| **Tradelines** | ALL |
| Capital One, Account No. ....9862 (Take Over) | ALL |
| Capital One, Account No. ....7477 (Take Over) | ALL |
| Discover, Account No. ....2636 (Fraud) | ALL |
| Chase, Account No. ....9500 (Fraud) | ALL |
| Credit Karma (Fraud) | ALL |
| Weltman (Fraud) | ALL |
| **Other Information** | |
| Credit Scores | ALL |
| Inquiries (Multiple): Discover | ALL |
| Inquiries (Multiple): Chase | ALL |
| Inquiries (Multiple): Credit Karma | ALL |
| Inquiries (Multiple): Mission Lane | ALL |
| Inquiries (Multiple): Webbank | ALL |
| Inquiries (Multiple): GM Financial | ALL |
| Inquiries (Multiple): T-Mobile | ALL |
| Inquiries (Multiple): One Capital Lending | ALL |
| Inquiries (Multiple): CB Indigo | ALL |

| | |
|---|---|
| Inquiries (Multiple): CBFiservcheckfree Corp | ALL |
| Inquiries (Multiple): weltmanweinbergreis | ALL |
| Inquiries (Multiple): Creditone Bank | ALL |
| Inquiries (Multiple): Credit 9 LLC | ALL |
| Inquiries (Multiple): Merrick Bank | ALL |
| Inquiries (Multiple): Ollo/Merrick Bank | ALL |
| Inquiries (Multiple): Webbank/One Main | ALL |
| Inquiries (Multiple): One Main | ALL |
| Inquiries (Multiple): All Direct Lending | ALL |

**ANSWER:** Chase denies furnishing inaccurate information. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 (including the chart) and therefore denies the same.

27.     Plaintiff never opened and is not responsible or liable for the Discover, Weltan [sic], and Chase tradelines. Each of these tradelines was opened by the Identity Thief without Plaintiff's knowledge, consent, or control.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28.     Weltan [sic] acts as Discover's collection agency.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29.     Plaintiff is not responsible for the fraudulent charges made by the Identity Thief to his Capital One tradelines.

11

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

30. In addition to sending mail to other addresses not belonging to Plaintiff, the Identity Thief also stole Plaintiffs mail when mailed to addresses where Plaintiff received mail.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

31. Before Plaintiff discovered the Identity Thief's fraud, the Identity Thief also impersonated Plaintiff and contacted the CRA Defendants to dispute the fraudulently opened accounts, which were at that time reporting as derogatory.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32. Plaintiff never applied for credit with Discover or Chased [sic]. These applications were made by the Identity Thief posing as Plaintiff.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

*Plaintiff Disputed the Inaccurate Information with the CRAs*

33. Plaintiff has disputed the Inaccurate Information through the CRA Defendants since October 2025, including, but not limited to, disputes made in October

12

2025, November 2025, December 2025, and January. Plaintiff made additional disputes with the CRA Defendants and the Furnisher Defendants as well.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34.    Plaintiff made these disputes by phone, by regular mail, and online.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

35.    Plaintiff included with her disputes an identity theft affidavits and police reports [sic].

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies the same.

36.    The CRA Defendants sent Plaintiff's disputes to the Furnisher Defendants in the form of Automated Consumer Dispute Verifications ("**ACDVs**") via the e-OSCAR online dispute processing system.

**ANSWER:** Chase admits that it received disputes from the CRAs related to Plaintiff. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies the same.

37.    The Furnisher Defendants received Plaintiff's disputes from the CRA Defendants and responded by returning those ACDVs to the CRA Defendants.

**ANSWER:** Chase admits that it received disputes from the CRAs related to Plaintiff and that Chase responded by returning ACDVs to the CRAs. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies the same.

38. The Furnisher Defendants can identify the ACDVs they received from the CRA Defendants by searching for those ACDVs in the e-OSCAR system using Plaintiff's identifying information.

**ANSWER:** Chase admits it can identify ACDVs relating to Plaintiff that it received from the CRA Defendants through the e-OSCAR system using Plaintiff's identifying information.

39. The CRA Defendants failed and/or refused to remove some or all of the Inaccurate Information from Plaintiff's credit files.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the same.

40. The Furnisher Defendants failed and/or refused to instruct the CRA Defendants to remove some or all of the Inaccurate Information from Plaintiff's credit files.

**ANSWER:** Chase denies the allegations in Paragraph 40 as to it. Chase lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 40 as to the other Furnisher Defendants and therefore denies the same.

41. Trans Union failed to conduct reasonable investigations of Plaintiff's disputes.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the same.

42. Equifax failed to conduct reasonable investigations of Plaintiff's disputes.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies the same.

43. Experian failed to conduct reasonable investigations of Plaintiff's disputes.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the same.

44. In responding to the ACDVs it received from the CRA Defendants, the Furnisher Defendants instructed the CRA Defendants to leave its fraudulent tradelines on Plaintiff's credit files.

**ANSWER:** Chase admits only that it did not instruct the CRA Defendants to delete the Chase tradelines. Chase denies the remaining allegations in Paragraph 44 as to Chase. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 regarding the other Furnisher Defendants and therefore denies the same.

*CRA Reporting of the Inaccurate Information Provided by the Furnishers
Caused Plaintiff to be Denied Credit on Numerous Occasions*

45.     As a result of Defendants' failures to comply with their duties under the FCRA, Plaintiff has been denied credit.

**ANSWER:** Chase denies the allegations asserted against it in Paragraph 45. Chase is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 45 as to the other defendants and therefore denies the same.

46.     Plaintiff's credit denials resulted from inaccurate information furnished by the Furnisher Defendants and included in consumer reports about Plaintiff by the CRA Defendants.

**ANSWER:** Chase denies the allegations asserted against it in Paragraph 46. Chase is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 46 as to the other defendants and therefore denies the same.

47.     Plaintiff suffered other credit denials due to inaccurate information furnished by the Furnisher Defendants and included in consumer reports about Plaintiff by the CRA Defendants.

**ANSWER:** Chase denies the allegations asserted against it in Paragraph 47. Chase is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 47 as to the other defendants and therefore denies the same.

*General Relevant Allegations*

48.     Plaintiff disputed the inaccuracies on his credit files on multiple occasions.

16

**ANSWER:** Chase admits that it received disputes from the CRAs related to Plaintiff and that Chase responded by returning ACDVs to the CRAs. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies the same.

49.    Upon information and belief, the CRA Defendants forwarded those disputes to the Furnisher Defendants.

**ANSWER:** Chase admits that it received disputes from the CRAs related to Plaintiff and that Chase responded by returning ACDVs to the CRAs. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies the same.

50.    Despite Plaintiff's multiple disputes, the CRA Defendants have failed to correct Plaintiff's credit files.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies the same.

51.    Despite Plaintiff's multiple disputes, the Furnisher Defendants have failed to instruct the CRA Defendants to correct Plaintiff's credit files.

**ANSWER:** Chase denies the allegations asserted against it in Paragraph 51. Chase is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 51 as to the other defendants and therefore denies the same.

52.    Despite Plaintiff's multiple disputes, the Furnisher Defendants have failed to verify the accuracy of their reporting and to inform the CRA Defendants that accuracy could not be verified.

**ANSWER:** Chase denies the allegations asserted against it in Paragraph 52. Chase is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 52 as to the other defendants and therefore denies the same.

53.    The CRA Defendants failed to maintain reasonable procedures to create Plaintiff's credit files and/or to prevent Plaintiff's credit information and/or credit files from including credit information, which is the result of identity theft.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies the same.

54.    The Defendants know that their databases cause identity theft credit information to be added to victim credit files.

**ANSWER:** Chase denies the allegations asserted against it in Paragraph 54. Chase is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 54 as to the other defendants and therefore denies the same.

55.    The Defendants have been sued by consumers and suffered judgments as a result of including identity theft credit information in consumer credit files and consumer reports.

**ANSWER:** Because this allegation does not reference any particular lawsuit or judgment, Chase states that it lacks knowledge or information at this time sufficient to

form a belief about the truth of the allegations in Paragraph 55 directed at Chase, and therefore denies the same. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 directed at other defendants and therefore denies the same.

56. The CRA Defendants never conducted any investigation into Plaintiff's disputes.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies the same.

57. The Furnisher Defendants never conducted any investigation into Plaintiff's disputes.

**ANSWER:** Chase denies the allegations asserted against it in Paragraph 57. Chase is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 57 as to the other defendants and therefore denies the same.

58. The CRA Defendants have failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit files and of her consumer reports.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies the same.

59. The CRA Defendants have failed to comply with their reinvestigation duties.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies the same.

60.    The Furnisher Defendants failed to comply with their investigation duties.

**ANSWER:** Chase denies the allegations asserted against it in Paragraph 60. Chase is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 60 as to the other defendants and therefore denies the same.

61.    Within the last two (2) years, Plaintiff has requested a copy of her credit files from the CRA Defendants but did not receive all of her credit files or all of the information contained in her credit files or within the CRA Defendants' databases pertaining to Plaintiff.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies the same.

62.    A consumer's right to dispute information contained in a consumer report is an important safeguard necessary to ensure accuracy. The legislative history of the FCRA rightly characterizes the dispute and correction process as the heart of efforts to ensure the Ultimate accuracy of a consumer report.

**ANSWER:** Paragraph 62 states a legal conclusion to which no response is required. If a response is required, Chase denies the allegations in Paragraph 62.

63.    Within the two years previous to the filing of this Complaint, the CRA Defendants prepared and distributed one or more consumer reports, as the term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained

misleading, incomplete, and/or inaccurate information belonging to other consumers and/or resulting from identity theft.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies the same.

64. The Defendants' failures to comply with their FCRA duties are negligent and/or willful.

**ANSWER:** Chase denies the allegations in Paragraph 64.

## Claims for Relief

### FCRA Claims Against the CRA Defendants

**Count 1 - Trans Union**
**Count 2 - Equifax**
**Count 3 - Experian**
**Count 4 - Credit Karma**

65. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

**ANSWER:** Paragraph 65 states a legal conclusion to which no response is required. If a response is required, Chase denies any allegation in Paragraph 65 inconsistent with the FCRA.

66. The CRA Defendants have actual knowledge, by and through numerous other consumer lawsuits, thousands of complaints filed with the Better Business Bureau

21

("BBB"), actions by the FTC, and numerous state attorney generals, that consumer credit files contain inaccurate information resulting from identity theft.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies the same.

67.    Despite their actual knowledge of an ongoing and chronic identity theft problem, the CRA Defendants reported and continued to report after Plaintiff's disputes, Plaintiff's credit file with the fraudulent tradelines, collection accounts, public records, and identifying information. The CRA Defendants' reporting and dispute procedures slandered, harmed, and humiliated Plaintiff by being strapped with derogatory credit information that did not belong to her, thereby damaging her credit reputation and ability to obtain credit.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies the same.

68.    The CRA Defendants maintained sufficient information to conclude that the fraudulent tradelines, collection accounts, public records, and identifying information did not belong to Plaintiff and, therefore, should not be maintained with Plaintiff's credit file.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies the same.

69.    The CRA Defendants did not maintain sufficient information to conclude that certain tradelines and identifying information actually belonged to Plaintiff but maintained that information in Plaintiff's credit files nonetheless.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies the same.

70. The CRA Defendants have failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and Plaintiff's consumer reports.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies the same.

71. The CRA Defendants have failed to properly investigate Plaintiff's disputes on at least one occasion.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies the same.

72. The CRA Defendants have allowed unverifiable information to remain on Plaintiff's credit files.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies the same.

73. The CRA Defendants have failed to disclose the complete contents of Plaintiff's credit file(s) to Plaintiff.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies the same.

74.    The CRA Defendants have failed to provide Plaintiff with the information contained in her credit file(s).

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies the same.

75.    The CRA Defendants have failed to block the disputed inaccurate information after receiving a police report and identity theft affidavit from Plaintiff.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies the same.

76.    Plaintiff has suffered damages, including the denial or inability to obtain credit, and various forms of emotional distress, including frustration, confusion, anger, depression, and a general feeling of helplessness, as a result of the actions and inaction of the CRA Defendants.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies the same.

77.    Plaintiff's actual damages include both pecuniary and non-pecuniary damages.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies the same.

78.     Plaintiff has been denied credit, has suffered financial loss, delay in obtaining approval for credit, loss of credit opportunity, out-of-pocket expenses, and time expended in disputing errors.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies the same.

79.     Plaintiff has suffered emotional distress, pain and suffering or humiliation, loss of sleep, nervousness, frustration, mental anguish over a credit report, injury to her reputation, and injury to her sense of well-being.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies the same.

80.     Others can corroborate the emotional distress suffered by Plaintiff.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies the same.

81.     The CRA Defendants' failure to prevent fraudulent information of the type described herein (along with other FCRA violations) caused and continues to cause Plaintiff emotional distress, impaired Plaintiff's ability to obtain credit, and damaged her credit scores.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies the same.

82.     Plaintiff has also spent numerous hours of her time attempting to educate herself about these issues and attempting to have the CRA Defendants' inaccurate reporting corrected.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies the same.


83.     It distressed Plaintiff to learn that the CRA Defendants have either failed to create her credit file and/or had mixed her credit data with fraudulent credit data.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies the same.


84.     It distressed Plaintiff to know that her credit reputation had been harmed and that she risked possible future embarrassment when seeking credit.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies the same.


85.     It distressed Plaintiff to know that her creditors (who view her credit history on a regular basis to make decisions about a new credit or more favorable terms on existing credit) and potential creditors who might offer her credit would have seen this inaccurate information and incorrectly concluded that she was not creditworthy.

**ANSWER:**  Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies the same.


26

86. The CRA Defendants have negligently violated Section 168 le; alternatively, the CRA Defendants have willfully violated Section 1681e.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies the same.

87. The CRA Defendants have negligently violated Section 168li; alternatively, The CRA Defendants have willfully violated Section 1681i.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies the same.

88. The CRA Defendants have negligently violated Section 1681c; alternatively, the CRA Defendants have willfully violated Section 1681C-2.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies the same.

89. The CRA Defendants have negligently violated Section 1681g; alternatively, the CRA Defendants have willfully violated Section 1681g.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies the same.

90. Plaintiff has suffered damages as a result of these violations for which Plaintiff is entitled to recover under Section 1681o or, alternatively, Section 1681n.

**ANSWER:** Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies the same.

## Claims for Relief

## FCRA Claims Against the Furnisher Defendants

**Count 4 - Capital One**
**Count 5 - Discover**
**Count 6 - Chase**
**Count 8 - Weltman, Weinberg, and Reis**

91.     This is a claim for violations of the federal Fair Credit Reporting Act.

**ANSWER:** Chase admits Plaintiff's complaint purports to allege a claim for violations of the FCRA. Chase denies the remaining allegations in Paragraph 91.


92.     The Furnisher Defendants furnished credit information about Plaintiffs to the CRA Defendants.

**ANSWER:** Chase admits only that it has furnished information about Plaintiff Easton Fields to the CRAs in this case. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 directed at other defendants and therefore denies the same.


93.     The Furnisher Defendants are subject to the requirements of the FCRA, including those duties set out in Section 168 ls-2(b).

**ANSWER:** Paragraph 93 states a legal conclusion to which no response is required. If a response is required, Chase admits it is subject to certain requirements under the FCRA, including in section 1681s-2(b). Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 directed at other defendants and therefore denies the same.

28

94.     At all relevant times, the Furnisher Defendants provided inaccurate, misleading and/or incomplete credit information to the consumer reporting agencies about Plaintiff. This inaccurate, misleading, and/or incomplete credit information was reported by the CRA Defendants to Plaintiff's potential lenders and others in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character, and general reputation.

**ANSWER:**  Chase denies the allegations in Paragraph 94 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 directed at other defendants and therefore denies the same.

95.     Plaintiff has notified the CRAs of her disputes of the information being reported by the Furnisher Defendants. Upon information and belief, a form of Plaintiff's disputes and requests for reinvestigation were forwarded to the Furnisher Defendants by the CRA Defendants.

**ANSWER:**  Chase admits it has received disputes relating to Plaintiff from the CRA Defendants. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 directed at other defendants and therefore denies the same.

96.     Information was available to the Furnisher Defendants that should have, upon a reasonable investigation, informed the Furnisher Defendants that their reporting was inaccurate, misleading, incomplete and/or could not be verified.

**ANSWER:** Chase denies the allegations in Paragraph 96 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 directed at other defendants and therefore denies the same.

97.    The Furnisher Defendants know, should know or act recklessly in not knowing that they were reporting and verifying inaccurate information to the CRAs.

**ANSWER:** Chase denies the allegations in Paragraph 97 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 directed at other defendants and therefore denies the same.

98.    The Furnisher Defendants know, should know or act recklessly in not knowing that they could not verify the accuracy of the information they were furnishing to the CRAs.

**ANSWER:** Chase denies the allegations in Paragraph 98 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 directed at other defendants and therefore denies the same.

99.    There is no reasonable interpretation of credit reporting law that could justify the Furnisher Defendants' reporting of the fraudulent tradelines, collection accounts, public records, and identifying information.

**ANSWER:** Chase denies the allegations in Paragraph 99 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 directed at other defendants and therefore denies the same.

30

100.    Despite their knowledge that the information being reported to Plaintiff's credit files was inaccurate, misleading, incomplete and/or could not be verified, the Furnisher Defendants repeatedly reported the information and repeatedly verified the information as accurate, knowing that by doing so, Plaintiff's creditworthiness would be damaged.

**ANSWER:**   Chase denies the allegations in Paragraph 100 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 directed at other defendants and therefore denies the same.

101.    The Furnisher Defendants have taken actions that violate the FCRA, specifically Section 1681s-2(b). These actions include, but are not limited to, the following: (a) reporting inaccurate, misleading and/or incomplete information to the CRAs; (b) failing to fully, properly or reasonably investigate Plaintiff's requests for reinvestigation; (c) failing to review all relevant information regarding Plaintiff's requests for reinvestigation and/or disregarding that information, after review; (d) after receiving notice of Plaintiffs requests for reinvestigation, continuing to submit inaccurate, misleading and/or incomplete information to the CRAs; (e) failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which the Furnisher Defendants knew to be inaccurate, misleading and/or incomplete; (f) failing to verify the accuracy of the information Plaintiff disputed; and (g) failing to accurately respond to Plaintiff's requests for reinvestigation made through the CRAs after receipt of those disputes.

**ANSWER:**   Chase denies the allegations in Paragraph 101 against it, including all of its subparts. Chase lacks knowledge or information sufficient to form a belief as to the

31

truth of the remaining allegations in Paragraph 101 directed at other defendants and therefore denies the same.

102.   The Furnisher Defendants know that the information it provided to the CRAs was false, inaccurate, misleading, incomplete and/or could not be verified.

**ANSWER:**   Chase denies the allegations in Paragraph 102 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 directed at other defendants and therefore denies the same.

103.   As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, damage to credit reputation, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER:**   Chase denies the allegations in Paragraph 103 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 directed at other defendants and therefore denies the same.

104.   The acts and/or omissions of the Furnisher Defendants made in violation of the FCRA [sic] were willful, entitling Plaintiff to recover the remedies provided in Section 1681n.

**ANSWER:**   Chase denies the allegations in Paragraph 104 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 directed at other defendants and therefore denies the same.

105. The acts and/or omissions of the Furnisher Defendants made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided in Section 1681o.

**ANSWER:** Chase denies the allegations in Paragraph 105 against it. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 directed at other defendants and therefore denies the same.

**AFFIRMATIVE AND OTHER DEFENSES**

By setting forth the below defenses, Chase does not assume the burden of proving any fact, issue, or element of a cause of action where the burden belongs to Plaintiff. Chase reserves the right to plead additional defenses upon further investigation and discovery. Chase raises the following defenses in response to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Chase.

2. Plaintiff's claim is barred by the applicable statute of limitations.

3. To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Chase denies, Plaintiff's alleged damages, are the result of acts or omissions of persons or entities other than Chase and are in no way attributable to any wrongdoing on the part of Chase.

4. Chase denies that Plaintiff has been damaged by it and demands strict proof thereof.

5. Plaintiff's Complaint fails to state a claim against Chase for which attorneys' fees may be awarded.

6. Plaintiff failed to mitigate damages.

7.    Plaintiff's claim is not ripe.

8.    The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff under the doctrine of ratification.

9.    Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to recover under the FCRA.

10.    Chase alleges that it has appropriately, completely and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint, including, but not limited to, any and all obligations and legal duties owed under the FCRA.

11.    Plaintiff's claims are barred by the doctrines of estoppel and waiver.

12.    Plaintiff's claims are barred by the doctrine of laches.

13.    Plaintiff's alleged injuries were caused in whole or in part by the actions of third parties over whom Chase had no control.

14.    Chase acted in good faith.

15.    The Complaint is barred because Plaintiff suffered no injury as a result of any alleged act or practice of Chase.

16.    With respect to the matters alleged in the Complaint, Chase at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory and regulatory requirements, thus precluding any recovery by Plaintiff as against Chase.

17.    The Complaint is barred, in whole or in part, on the grounds that Chase's conduct and/or communications were subject to a privilege and/or a qualified privilege.

18.    Chase reserves the right to assert that the claims may be barred in whole, or in part, by applicable choice of law provisions.

34

19.    Plaintiff's claims are barred or subject to reduction due to the comparative fault of Plaintiff, co-defendants, and/or other non-parties whose identities are currently unknown.

20.    Plaintiff has failed to state a claim against Chase sufficient to support an award of damages or equitable relief.

21.    Through Plaintiff's own conduct, acts, omissions, contractual promises and agreements, Plaintiff consented to and acquiesced in Chase's conduct.

22.    At all relevant times, Chase maintained reasonable procedures to ensure compliance with the FCRA.

23.    Plaintiff is precluded from any recovery from Chase for a willful or knowing violation because any such violation, which Chase denies occurred, would not have been willful or knowing.

24.    Plaintiff's claims against Chase are subject to setoff and/or recoupment by the amount owed by Plaintiff to Chase in connection with the remaining balance owed in connection with Plaintiff's account with Chase.

25.    To the extent Plaintiff may assert a claim for punitive damages, such claim is barred because Chase committed no intentional, reckless, or malicious act for which punitive damages may be awarded.

26.    Plaintiff's claims may be subject to binding arbitration pursuant to a valid and binding arbitration agreement and Chase specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

WHEREFORE, Chase requests judgment in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice, for costs of this Action, attorney's fees and all other relief appropriate in the premises.

Respectfully submitted,

*/s/ Alejandra Reichard*
Kathleen L. Matsoukas
Alejandra Reichard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 231-7777
Facsimile: (317) 231-7433
E-mail:
Kathleen.Matsoukas@btlaw.com
Alejandra.Reichard@btlaw.com
*Attorney for Defendant,*
*JPMorgan Chase Bank, N.A.*