UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Easton Fields**, <br><br> Plaintiff, <br><br> v. <br><br> **Trans Union, LLC**; **Equifax Information Services, LLC**; **Experian Information Solutions, Inc.**; **Credit Karma**; **Capital One**; **Discover Bank**; **JP Morgan Chase Bank;** and **Weltman, Weinberg, and Reis**, <br><br> Defendants. | Case No. 1:26-cv-00139-TWP-MJD |

**CASE MANAGEMENT PLAN**

**I.      Parties and Representatives**

      A.      Parties

            Easton Fields

            Trans Union, LLC

            Equifax Information Services, LLC

            Experian Information Solutions, Inc.

            Capital One, N.A.[1]

            JP Morgan Chase[2]

---

[1] Because Capital One, N.A. recently merged with Defendant Discover Bank, references to "Capital One" herein should be understood to mean Capital One, N.A., individually and as successor by merger to Discover Bank, and Capital One.

[2] Defendant Weltman, Weinberg, and Reis has been dismissed and Plaintiff has settled with Defendant Credit Karma.

B.	Representatives

Guerino Cento
CENTO LAW
5666 Carrollton Avenue
Indianapolis, IN 46220
(317) 908-0678
cento@centolaw.com

*Counsel for Plaintiff*

Katherine Carlton Robinson, Esq. (#31694-49)
Trans Union, LLC
555 W. Adams Street
Chicago, IL 60661
Telephone: 317-954-0717
E-Mail: katherine.carltonrobinson@transunion.com

*Counsel for Defendant Trans Union, LLC*

Sylas A. Kern, Bar No. 37288-10
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5413
Facsimile: (312) 460-7000
skern@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*

Timothy D. Lanzendorfer
JONES DAy
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Office 614.281.3076
tlanzendorfer@jonesday.com

2

*Revision Date:  October 7, 2024*

Monica S. McCoskey (IN 36892-53)
Anne L. Cowgur (IN 21584-49)
PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Tel: 317.550.1855
Fax: 317.569.6016
E-mail: acowgur@paganelligroup.com
monica@paganelligroup.com

*Counsel for Defendant Experian
Information Solutions, Inc.*

Jeffrey D. Pilgrim
Nicholas Vera
Pilgrim Christakis LLP
One South Dearborn, Suite 1420
Chicago, Illinois 60603
Ph. (312) 470-6222
Fax (312) 939-0983
jpilgrim@pilrgrimchristakis.com
nvera@pilgrimchristakis.com

*Counsel for Capital One*

Alejandra Reichard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 231-7777
Facsimile: (317) 231-7433
E-mail: Alejandra.Reichard@btlaw.com

Kathleen L. Matsoukas
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 231-7777
Facsimile: (317) 231-7433
E-mail: kathleen.matsoukas@btlaw.com

*Counsel for JP Morgan Chase*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

*Revision Date:  October 7, 2024*

II.   **Jurisdiction and Statement of Claims**

A.   The parties shall state the basis for subject matter jurisdiction.  If there is disagreement, each party shall state its position.

B.   Plaintiff: Plaintiff brings this case pursuant to the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. (the "FCRA") (Unless otherwise stated, all "Section" references are to the FCRA). Plaintiff alleges that Defendants violated the FCRA by including, reporting, and failing to remove information from Plaintiff's credit files, which is the result of identity theft. Plaintiff disputed this inaccurate information, but Defendants failed to correct Plaintiff's credit files. Plaintiff alleges that Defendant's actions violate Section 1681e(b), Section 1681i, Section 1681c-1, Section 1681g, and Section 1681s-2(b), entitling Plaintiff to the remedies available under Section 1681n and Section 1681o.

C.   **Trans Union, LLC:** Defendant Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

D.   **Equifax Information Services, LLC:** Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

E.   **Experian Information Solutions, Inc.:** Defendant Experian is a consumer reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. The FCRA is not a strict liability statute and does not require Experian to maintain error free credit

4

*Revision Date:  October 7, 2024*

reporting. Rather, the FCRA requires consumer reporting agencies, like Experian, to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information they report on consumers. Experian states that it maintained and followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit report and reasonably reinvestigated Plaintiff's disputes. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and Experian did not act negligently. Therefore, Experian has no liability in this case. Experian further denies it was the proximate cause of any damages alleged by Plaintiff.

F.   **Capital One:** Capital One denies that it violated the FCRA, and denies generally the material allegations of the Complaint.

G.   **JP Morgan Chase:** Although investigation into Plaintiff's allegations is ongoing, Chase denies all of Plaintiff's allegations. Chase complied with its duties and obligations under the FCRA. Chase further denies that Plaintiff was damaged as a result of Chase's conduct.

## III.   **Pretrial Pleadings and Disclosures**

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **May 25, 2026**. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before **June 1, 2026** [no later than 7 days after initial disclosures are served].

C.   Defendant(s) shall file preliminary witness and exhibit lists on or before **June 8, 2026**.

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **June 23, 2026** [no later than 5 months from Anchor Date].

E.   Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **June 23, 2026** [no later than 5 months from the Anchor Date].  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required

5

*Revision Date:  October 7, 2024*

by Fed. R. Civ. P. 26(a)(2) on or before **January 25, 2027** [no later than 12 months from Anchor Date].  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **February 23, 2027** [no later than 13 months from Anchor Date].

G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **January 16, 2027** [no later than 120 days prior to the proposed trial month].  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    All parties shall file and serve their final witness and exhibit lists on or before **March 23, 2027** [no later than 14 months from Anchor Date].  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the

*Revision Date:  October 7, 2024*

parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   <u>Discovery[3] and Dispositive Motions</u>

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion

---

[3] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

7

must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient.  Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion.  However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

**Trans Union, LLC:** Trans Union anticipates filing a motion for summary judgment as to liability and damages. Trans Union reserves the right to file additional motions as may be necessary.

**Equifax Information Services, LLC:** Equifax anticipates filing a motion for summary judgment or other dispositive motion on the issue of Equifax's liability and/or Plaintiff's damages. Equifax reserves the right to file all appropriate motions, including motions in limine.

**Experian Information Solutions, Inc.:** Experian has not filed any dispositive motions at this time but reserves the right to file dispositive motions pending discovery. Experian further reserves all rights to pursue a motion to compel arbitration pursuant to any binding arbitration provisions governing Plaintiff's claims.

**Capital One:** Capital One anticipates filing a motion for summary judgment on the issue of FCRA liability and damages. Capital One anticipates that the motion will address the accuracy of its data furnishments, the lack of actual damages or causation, and potential defenses to Plaintiff's FCRA claim.

**JP Morgan Chase:** Although discovery in this case has not started, Chase believes that it possesses legal and factual defenses that are appropriate for resolution at the summary judgment stage.

B.    On or before **November 16, 2026** [no later than 7 days after the non-expert discovery deadline], and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a

*Revision Date:  October 7, 2024*

track faster than the standard track in all cases in which dispositive motions are not anticipated].

____X____ Track 2: Dispositive motions are expected and shall be filed by **January 26, 2027** [no later than 11-12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by **November 23, 2026** [no later than 10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by **April 23, 2027** [no later than 15 months from Anchor Date]. All remaining discovery shall be completed by no later than **May 24, 2027** [16 months from Anchor Date.]  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____ ; expert witness discovery shall be completed by _____ .
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.    Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in August 2026 [month/year].**

## VI.    Trial Date

The parties request a trial date in **August 2027** [month/year].  The trial is by **Jury** [Court or jury] and is anticipated to take **three (3) days**.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

9

*Revision Date:  October 7, 2024*

## VII.    Referral to Magistrate Judge

A.    **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.   Required Pre-Trial Preparation

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of

*Revision Date:  October 7, 2024*

the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.  if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.  Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.  Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.  **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.  Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.  If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.  File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.  Notify the Court and opposing counsel of requests for separation of witnesses at trial.

*Revision Date:  October 7, 2024*

## IX.    Other Matters

None

Respectfully submitted,

*/s/Guerino Cento*
Guerino Cento
CENTO LAW
5666 Carrollton Avenue
Indianapolis, IN 46220
(317) 908-0678
cento@centolaw.com

*Counsel for Plaintiff*

*/s/Katherine Carlton Robinson (with permission)*
Katherine Carlton Robinson, Esq. (#31694-49)
Trans Union, LLC
555 W. Adams Street
Chicago, IL 60661
Telephone: 317-954-0717
E-Mail: katherine.carltonrobinson@transunion.com

*Counsel for Defendant Trans Union, LLC*

*/s/Sylas A. Kern (with permission)*
Sylas A. Kern, Bar No. 37288-10
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5413
Facsimile: (312) 460-7000
skern@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*

*Revision Date:  October 7, 2024*

*/s/Monica S. McCosky (with permission)*
Monica S. McCoskey (IN 36892-53)
Anne L. Cowgur (IN 21584-49)
PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Tel: 317.550.1855
Fax: 317.569.6016
E-mail: acowgur@paganelligroup.com
monica@paganelligroup.com

Timothy D. Lanzendorfer
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Office 614.281.3076
tlanzendorfer@jonesday.com

*Counsel for Defendant Experian*
*Information Solutions, Inc.*

*/s/Nicholas Vera (with permission)*
Jeffrey D. Pilgrim
Nicholas Vera
Pilgrim Christakis LLP
One South Dearborn, Suite 1420
Chicago, Illinois 60603
Ph. (312) 470-6222
Fax (312) 939-0983
jpilgrim@pilrgrimchristakis.com
nvera@pilgrimchristakis.com

*Counsel for Capital One*

*/s/Alejandra Reichard (with permission)*
Alejandra Reichard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 231-7777
Facsimile: (317) 231-7433
E-mail: Alejandra.Reichard@btlaw.com

13

*Revision Date:  October 7, 2024*

/s/ Kathleen L. Matsoukas (with permission)
Kathleen L. Matsoukas
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 231-7777
Facsimile: (317) 231-7433
E-mail: kathleen.matsoukas@btlaw.com

*Counsel for JP Morgan Chase*

14

*Revision Date:  October 7, 2024*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPARATE ORDER |
| | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

15

*Revision Date:  October 7, 2024*