UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EASTON FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00139-TWP-MJD |
| | ) | |
| TRANS UNION, LLC, | ) | |
| EQUIFAX INFORMATION SERVICES,  LLC, | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC, | ) | |
| CREDIT KARMA, | ) | |
| CAPITAL ONE, | ) | |
| DISCOVER BANK, | ) | |
| JP MORGAN CHASE BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**CASE MANAGEMENT PLAN**

I.    **Parties and Representatives**

A.    Parties

Easton
Fields
Trans Union, LLC
Equifax Information Services,
LLC Experian Information
Solutions, Inc. Capital One, N.A.
JP Morgan Chase

B.    Representatives

Guerino
Cento
CENTO
LAW
5666 Carrollton Avenue
Indianapolis, IN 46220
(317) 908-0678
cento@centolaw.com

*Counsel for Plaintiff*

Katherine Carlton Robinson, Esq. (#31694-49)
Trans Union, LLC
555 W. Adams Street
Chicago, IL 60661
Telephone: 317-954-0717
E-Mail: katherine.carltonrobinson@transunion.com

*Counsel for Defendant Trans Union, LLC*

Sylas A. Kern, Bar No. 37288-10
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5413
Facsimile: (312) 460-7000
skern@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*

Timothy D. Lanzendorfer JONES DAy
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215
Office 614.281.3076
tlanzendorfer@jonesday.com

Monica S. McCoskey (IN 36892-53) Anne L. Cowgur (IN 21584-49) PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Tel: 317.550.1855
Fax: 317.569.6016
E-mail:
acowgur@paganelligroup.com
monica@paganelligroup.com

*Counsel for Defendant Experian*
*Information Solutions, Inc.*

Jeffrey D. Pilgrim
Nicholas Vera
Pilgrim Christakis LLP
One South Dearborn, Suite 1420
Chicago, Illinois 60603
Ph. (312) 470-6222
Fax (312) 939-0983
jpilgrim@pilrgrimchristakis.com
nvera@pilgrimchristakis.com

*Counsel for Capital One*

Alejandra Reichard
BARNES & THORNBURG LLP
11 South Meridian
Street Indianapolis, IN
46204
Telephone: (317) 231-7777
Facsimile: (317) 231-7433
E-mail: Alejandra.Reichard@btlaw.com

Kathleen L. Matsoukas
BARNES & THORNBURG
LLP
11 South Meridian
Street Indianapolis, IN
46204
Telephone: (317) 231-7777
Facsimile: (317) 231-7433
E-mail: kathleen.matsoukas@btlaw.com

*Counsel for JP Morgan Chase*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.    **Jurisdiction and Statement of Claims**

A.    The parties shall state the basis for subject matter jurisdiction.  If there is disagreement, each party shall state its position.

B.    Plaintiff: Plaintiff brings this case pursuant to the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. (the "FCRA") (Unless otherwise stated, all "Section" references are to the FCRA). Plaintiff alleges that Defendants violated the FCRA by including, reporting, and failing to remove information from Plaintiff's credit files, which is the result of identity theft. Plaintiff disputed this inaccurate information, but Defendants failed to correct Plaintiff's

credit files. Plaintiff alleges that Defendant's actions violate Section 1681e(b), Section 1681i, Section 1681c-1, Section 1681g, and Section 1681s-2(b), entitling Plaintiff to the remedies available under Section 1681n and Section 1681o.

C.    **Trans Union, LLC:** Defendant Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

D.    **Equifax Information Services, LLC:** Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the  Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

E.    **Experian Information Solutions, Inc.:** Defendant Experian is a consumer reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, the FCRA requires consumer reporting agencies, like Experian, to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information they report on consumers. Experian states that it maintained and followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit report and reasonably reinvestigated Plaintiff's disputes. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and Experian did not act negligently. Therefore, Experian has no liability in this case. Experian further denies it was the proximate cause of any damages alleged by Plaintiff.

F.     **Capital One:** Capital One denies that it violated the FCRA, and denies generally the material allegations of the Complaint.

G.     **JP Morgan Chase:** Although investigation into Plaintiff's allegations is ongoing, Chase denies all of Plaintiff's allegations. Chase complied with its duties and obligations under the FCRA. Chase further denies that Plaintiff was damaged as a result of Chase's conduct.

## III.     <u>Pretrial Pleadings and Disclosures</u>

A.     The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **April 27, 2026**.

B.     Plaintiff(s) shall file preliminary witness and exhibit lists on or before **May 4, 2026**.

C.     Defendant(s) shall file preliminary witness and exhibit lists on or before **May 11, 2026**.

D.     All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 29, 2026**.

E.     Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **May 4, 2026**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at <u>MJDinsmore@insd.uscourts.gov</u>.

F.     Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **January 25, 2027**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **February 24, 2027**.

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related

briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **June 1, 2027**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    All parties shall file and serve their final witness and exhibit lists on or before **March 5, 2027**. This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony. The final exhibit list must precisely identify, preferably **by Bates number** [1], each specific document that may be offered at the trial of this matter.  No individual not identified by name in the final witness list may testify at the trial of this matter.  No document not expressly identified in the final exhibit list may be offered into evidence at trial. [2]

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    Discovery of electronically stored information ("ESI").  Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format. If the parties subsequently agree to produce ESI in other than its native format, and if thereafter a party determines in good faith that it is unable to adequately review any ESI produced in other than its native format, it may request the production of the ESI in its native format, in which event the information will then be produced in its native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced.  Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph

that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    Discovery[3] and Dispositive Motions

A.    On or before **November 25, 2026**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

B.    Non-expert witness discovery and discovery relating to liability issues shall be completed by **November 23, 2026**; all remaining discovery shall be completed by **May 7, 2027**.

C.    Defendants shall file any dispositive motion on or before **December 21, 2026**; Plaintiff shall respond to Defendants' dispositive motions, and shall include any cross-dispositive motion, on or before **January 19, 2027**; Defendants shall respond to Plaintiff's cross-dispositive motion, and shall include any reply in support of Defendants' dispositive motion, on or before **February 16, 2027**; Plaintiff shall file any reply in support of his cross-dispositive motion on or before **March 2, 2027**.  If Plaintiff does not file a cross-dispositive motion, Defendant shall file any reply in support of their dispositive motion on or before **February 5, 2027**

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

---

[3] The term "completed", as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

## V.    Pre-Trial/Settlement Conferences

The parties recommend a settlement conference in **August, 2026**.

## VI.    Trial Date

This matter will be ready for trial in or after **October, 2027**.  The trial is by **Jury** and is expected to take **3 days**.

## VII.    Referral to Magistrate Judge

A.    **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.    Required Pre-Trial Preparation

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.     <u>Other Matters</u>

None

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR: _____ IN PERSON IN ROOM _____; OR _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (_____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **December 21, 2026** |
| X | DISCOVERY SHALL BE COMPLETED BY **November 23, 2026** |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated:  22 APR 2026

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.