**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| EASTON FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-00139-TWP-MJD |
| | ) | |
| v. | ) | Honorable Tanya Walton Pratt |
| | ) | |
| TRANS UNION, LLC; EQUIFAX | ) | Magistrate Judge Mark J. Dinsmore |
| INFORMATION SERVICES, LLC; EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC.; CREDIT | ) | |
| KARMA; CAPITAL ONE; DISCOVER BANK; | ) | |
| and JPMORGAN CHASE BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CAPITAL ONE N.A'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT**

Defendant Capital One N.A., individually and as successor by merger to Discover

Bank, incorrectly named separately as "Capital One" and "Discover Bank," ("Capital One"),

by counsel, submits this Answer to Plaintiff's Corrected First Amended Complaint. Capital

One files this Answer and Affirmative Defenses without waiving and expressly reserving its

right to require Plaintiff to arbitrate his claims.

### Preliminary Statement

1.      The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the FCRA to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure that consumer reporting agencies ("**CRAs**") exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy because CRAs have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to the CRAs, otherwise known as "**furnishers**."

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

2.    The purpose of the FCRA is to require CRAs to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that CRAs, Section 1681i, and furnishers, Section 1681s-2(b), must follow when consumers dispute the accuracy of the information reported in their credit files or consumer reports (aka "**credit reports**").

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

3.    This case concerns Defendants' reporting of multiple fraudulent tradelines on Plaintiff's credit files, disclosures, and consumer reports, which were opened by an identity thief using Plaintiff's personal, private information.

**ANSWER:**    Capital One denies the allegations of this paragraph to the extent they are

directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis,

denies those allegations.

4.    Plaintiff brings claims against the CRA Defendants for failing to follow reasonable procedures to ensure the maximum possible accuracy of her credit reports in violation of Section 1681e(b) and for their failure to fulfill their reinvestigation duties in violation of Section 1681i.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

5.    Plaintiff brings claims against the Furnisher Defendants for failing to fulfill their investigation duties in violation of Section 1681s-2(b).

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

6.    While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

7.    Any violations by each Defendant were either negligent, knowing, willful, or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

8.    Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

**Parties**

9.    Plaintiff resides in Indianapolis, Indiana. Plaintiff is a consumer as defined by Section 1681a(c) of the FCRA.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

10.     Trans Union is a consumer reporting agency as defined by Section 1681a(f) and is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by Section 1681a(p). Trans Union regularly engages in the business of assembling, evaluating, and dispersing information concerning the credit histories of consumers for the purpose of furnishing consumer reports, as defined by Section 1681a(d) of the FCRA, to third parties. Trans Union provides such consumer credit reports to third-party subscribers for monetary compensation.

**ANSWER**:     Capital One admits that Trans Union is a consumer reporting agency. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

11.     Equifax is a consumer reporting agency as defined by Section 1681a(f) and is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by Section 1681a(p). Equifaxregularly engages in the business of assembling, evaluating, and dispersing information concerning the credit histories of consumers for the purpose of furnishing consumer reports, as defined by Section 1681a(d) of the FCRA, to third parties. Equifax provides such consumer credit reports to third-party subscribers for monetary compensation.

**ANSWER**:     Capital One admits that Equifax is a consumer reporting agency. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

12.     Experian is a consumer reporting agency as defined by Section 1681a(f) and is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by Section 1681a(p). Experian regularly engages in the business of assembling, evaluating, and dispersing information concerning the credit histories of consumers for the purpose of furnishing consumer reports, as defined by Section 1681a(d) of the FCRA, to third parties. Experian provides such consumer credit reports to third-party subscribers for monetary compensation.

**ANSWER**:     Capital One admits that Experian is a consumer reporting agency. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

13.    Capital One is a "furnisher" of credit information, as that term is defined by the FCRA.

**ANSWER**:    Capital One denies the allegations contained in this paragraph.

14.    Discover is a "furnisher" of credit information, as that term is defined by the FCRA.

**ANSWER**:    Capital One denies the allegations contained in this paragraph.

15.    Chase is a "furnisher" of credit information, as that term is defined by the FCRA.

**ANSWER**:    Capital One denies the allegations contained in this paragraph.

## Jurisdiction

16.    This lawsuit is being brought pursuant to the FCRA presents a federal question, and as such, jurisdiction arises under 28 U.S.C 1331 and 15 U.S.C 1681, *et seq.*

**ANSWER**:    Capital One admits that this is a civil action arising under the laws of the United States and that, therefore, 28 U.S.C. § 1331 provides this Court shall have original jurisdiction over the case.

17.    Venue is proper within this district and division pursuant to 15 U.S.C. 1681p and 28 U.S.C. 1391(b).

**ANSWER**:    Capital One admits that, based on the allegations of the Complaint, venue in this District is proper. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

## Factual Allegations

### Plaintiff is the Victim of Identity Theft

18.    Plaintiff is the victim of identity theft at the hands of Dionne Fields (the "**Identity Thief**").

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

19.    The Identity Thief has obtained credit in Plaintiff's name, taken over Plaintiff's accounts and has, in numerous other ways, assumed and used Plaintiff's identity.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

20.    The Identity Thief obtained and defaulted numerous credit card accounts which she opened with Discover and Chase using Plaintiff's personal identifying information, resulting in numerous tradelines (aka credit accounts) being added to Plaintiff's Trans Union, Equifax, and Experian credit files.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are

directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis,

denies those allegations.

21.    The Identity Thief obtained and took control over Plaintiff's Capital One accounts using Plaintiff's personal identifying information, resulting innumerous fraudulent charges being billed to those accounts and ultimately furnished to Plaintiff's Trans Union, Equifax, and Experian credit files.

**ANSWER**:    Capital One denies the allegations contained in this paragraph.

22.    The Identity Thief added herself as an authorized user to Plaintiff's Capital One tradelines.

**ANSWER**:    Capital One denies the allegations contained in this paragraph.

23.    The Identity Thief caused the Capital One tradeline account information to change to her own personal identifying information for purposes of concealing her account take over.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

24.    Plaintiff's credit files included information which does not belong to Plaintiff and is the result of identity theft (collectively and together with any other not listed or not known and yet to be discovered inaccurate information maintained by the CRAs, the "**Inaccurate Information**"):

| Personal Identifing Information | CRA |
|---|---|
| XXX Howard Street, Shelbyville, Indiana | ALL |
| (317) XXX-0088 | ALL |
| (317) XXX-3175 | ALL |
| Dionne Fields | ALL |
| **Tradelines** | |
| Capital One, Account No. ....9862 (Take Over) | ALL |
| Capital One, Account No. ....7477 (Take Over) | ALL |
| Discover, Account No. ....2636 (Fraud) | ALL |
| Chase, Account No. ....9500 (Fraud) | ALL |
| Credit Karma (Fraud) | ALL |
| Weltman (Fraud) | ALL |
| **Other Information** | |
| Credit Scores | ALL |
| Inquiries (Multiple): Discover | ALL |
| Inquiries (Multiple): Chase | ALL |
| Inquiries (Multiple): Credit Karma | ALL |
| Inquiries (Multiple): Mission Lane | ALL |
| Inquiries (Multiple): Webbank | ALL |
| Inquiries (Multiple): GM Financial | ALL |
| Inquiries (Multiple): T-Mobile | ALL |

| | |
|---|---|
| Inquiries (Multiple): One Capital Lending | ALL |
| Inquiries (Multiple): CB Indigo | ALL |
| Inquiries (Multiple): CBFiservcheckfree Corp | ALL |
| Inquiries (Multiple): weltmanweinbergreis | ALL |
| Inquiries (Multiple): Creditone Bank | ALL |
| Inquiries (Multiple): Credit 9 LLC | ALL |
| Inquiries (Multiple): Merrick Bank | ALL |
| Inquiries (Multiple): Ollo/Merrick Bank | ALL |
| Inquiries (Multiple): Webbank/One Main | ALL |
| Inquiries (Multiple): One Main | ALL |
| Inquiries (Multiple): All Direct Lending | ALL |

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

26.    Plaintiff never opened and is not responsible or liable for the Discover, Weltan, and Chase tradelines. Each of these tradelines was opened by the Identity Thief without Plaintiff's knowledge, consent, or control.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

26.    Weltan acts as Discover's collection agency.

**ANSWER**:    Capital One denies the allegations contained in this paragraph.

27.    Plaintiff is not responsible for the fraudulent charges made by the Identity Thief to his Capital One tradelines.

**ANSWER**:    Capital One denies the allegations contained in this paragraph.

28.    In addition to sending mail to other addresses not belonging to Plaintiff, the Identity Thief also stole Plaintiff's mail when mailed to addresses where Plaintiff received mail.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

29.    Before Plaintiff discovered the Identity Thief's fraud, the Identity Thief also impersonated Plaintiff and contacted the CRA Defendants to dispute the fraudulently opened accounts, which were at that time reporting as derogatory.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

30.    Plaintiff never applied for credit with Discover or Chased. These applications were made by the Identity Thief posing as Plaintiff.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

*Plaintiff Disputed the Inaccurate Information with the CRAs*

31.    Plaintiff has disputed the Inaccurate Information through the CRA Defendants since October 2025, including, but not limited to, disputes made in October 2025, November 2025, December 2025, and January. Plaintiff made additional disputes with the CRA Defendants and the Furnisher Defendants as well.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

32.    Plaintiff made these disputes by phone, by regular mail, and online.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

33.    Plaintiff included with her disputes an identity theft affidavits and police reports.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies those allegations.

34.    The CRA Defendants sent Plaintiff's disputes to the Furnisher Defendants in the form of Automated Consumer Dispute Verifications ("**ACDVs**") via the e-OSCAR online dispute processing system.

**ANSWER**:    Capital One admits that it received ACDVs from Equifax, Experian, and Trans Union related to Plaintiff's Capital One accounts ending in -9862 and -7477, and Plaintiff's Discover account ending in -2636. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

35.    The Furnisher Defendants received Plaintiff's disputes from the CRA Defendants and responded by returning those ACDVs to the CRA Defendants.

**ANSWER**:    Capital One admits that it received ACDVs from Equifax, Experian, and Trans Union related to Plaintiff's Capital One accounts ending in -9862 and -7477, and Plaintiff's Discover account ending in -2636. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

36.     The Furnisher Defendants can identify the ACDVs they received from the CRA Defendants by searching for those ACDVs in the e-OSCAR system using Plaintiff's identifying information.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

37.     The CRA Defendants failed and/or refused to remove some or all of the Inaccurate Information from Plaintiff's credit files.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

38.     The Furnisher Defendants failed and/or refused to instruct the CRA Defendants to remove some or all of the Inaccurate Information from Plaintiff's credit files.

**ANSWER**:     Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

39.     Trans Union failed to conduct reasonable investigations of Plaintiff's disputes.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

40.     Equifax failed to conduct reasonable investigations of Plaintiff's disputes.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

41.     Experian failed to conduct reasonable investigations of Plaintiff's disputes.

**ANSWER**:     Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

42. In responding to the ACDVs it received from the CRA Defendants, the Furnisher Defendants instructed the CRA Defendants to leave its fraudulent tradelines on Plaintiff's credit files.

**ANSWER**: Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

*CRA Reporting of the Inaccurate Information Provided by the Furnishers Caused Plaintiff to be Denied Credit on Numerous Occasions*

43. As a result of Defendants' failures to comply with their duties under the FCRA, Plaintiff has been denied credit.

**ANSWER**: Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

44. Plaintiff's credit denials resulted from inaccurate information furnished by the Furnisher Defendants and included in consumer reports about Plaintiff by the CRA Defendants.

**ANSWER**: Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

45. Plaintiff suffered other credit denials due to inaccurate information furnished by the Furnisher Defendants and included in consumer reports about Plaintiff by the CRA Defendants.

**ANSWER**:      Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

### Additional Amended Allegations

46.      On or about May 21, 2026, Plaintiff applied for a home loan with First Merchants Bank. When the lender pulled Plaintiff's reports from the CRA Defendants, the fraudulent JPMorgan Chase and Discover accounts were still on his credit files.

**ANSWER**:      Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

47.      As a result, Plaintiff's mortgage application has been halted, and he has, thus far, been unable to obtain approval.

**ANSWER**:      Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

### General Relevant Allegations

48.      Plaintiff disputed the inaccuracies on his credit files on multiple occasions.

**ANSWER**:      Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

49.      Upon information and belief, the CRA Defendants forwarded those disputes to the Furnisher Defendants.

**ANSWER**:    Capital One admits that it received ACDVs from Equifax, Experian, and Trans Union related to Plaintiff's Capital One accounts ending in -9862 and -7477, and Plaintiff's Discover account ending in -2736. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

50.    Despite Plaintiff's multiple disputes, the CRA Defendants have failed to correct Plaintiff's credit files.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

51.    Despite Plaintiff's multiple disputes, the Furnisher Defendants have failed to instruct the CRA Defendants to correct Plaintiff's credit files.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

52.    Despite Plaintiff's multiple disputes, the Furnisher Defendants have failed to verify the accuracy of their reporting and to inform the CRA Defendants that accuracy could not be verified.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

53.    The CRA Defendants failed to maintain reasonable procedures to create Plaintiff's credit files and/or to prevent Plaintiff's credit information and/or credit files from including credit information, which is the result of identity theft.

**ANSWER**:      Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

54.      The Defendants know that their databases cause identity theft credit information to be added to victim credit files.

**ANSWER**:      Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

55.      The Defendants have been sued by consumers and suffered judgments as a result of including identity theft credit information in consumer credit files and consumer reports.

**ANSWER**:      Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

56.      The CRA Defendants never conducted any investigation into Plaintiff's disputes.

**ANSWER**:      Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

57.      The Furnisher Defendants never conducted any investigation into Plaintiff's disputes.

**ANSWER**:      Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

58.      The CRA Defendants have failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit files and of her consumer reports.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

59.    The CRA Defendants have failed to comply with their reinvestigation duties.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

60.    The Furnisher Defendants failed to comply with their investigation duties.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

61.    Within the last two (2) years, Plaintiff has requested a copy of her credit files from the CRA Defendants but did not receive all of her credit files or all of the information contained in her credit files or within the CRA Defendants' databases pertaining to Plaintiff.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

62.    A consumer's right to dispute information contained in a consumer report is an important safeguard necessary to ensure accuracy. The legislative history of the FCRA rightly characterizes the dispute and correction process as the heart of efforts to ensure the ultimate accuracy of a consumer report.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

63.    Within the two years previous to the filing of this Complaint, the CRA Defendants prepared and distributed one or more consumer reports, as the term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained

misleading, incomplete, and/or inaccurate information belonging to other consumers and/or resulting from identity theft.

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

64.    The Defendants' failures to comply with their FCRA duties are negligent and/or willful.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

## Claims for Relief

### FCRA Claims Against the CRA Defendants

**Count 1 - Trans Union**
**Count 2 - Equifax**
**Count 3 - Experian**

The allegations of Counts 1-3 are not directed against Capital One, therefore, no response is required.

## Claims for Relief

### FCRA Claims Against the Furnisher Defendants

**Count 4 - Capital One**
**Count 5 - Discover**
**Count 6 - Chase**

91.    This is a claim for violations of the federal Fair Credit Reporting Act.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis,

denies those allegations.

92.    The Furnisher Defendants furnished credit information about Plaintiffs to the CRA Defendants.

**ANSWER**:    Capital One admits that it furnished credit information about Plaintiff Easton

Fields to Equifax, Experian, and Trans Union. Capital One lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this

paragraph and, on that basis, denies those allegations.

93.    The Furnisher Defendants are subject to the requirements of the FCRA, including those duties set out in Section 1681s-2(b).

**ANSWER**:    Capital One lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

94.    At all relevant times, the Furnisher Defendants provided inaccurate, misleading and/or incomplete credit information to the consumer reporting agencies about Plaintiff. This inaccurate, misleading, and/or incomplete credit information was reported by the CRA Defendants to Plaintiff's potential lenders and others in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character, and general reputation.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are

directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis,

denies those allegations.

95.    Plaintiff has notified the CRAs of her disputes of the information being reported by the Furnisher Defendants. Upon information and belief, a form of Plaintiff's disputes and requests for reinvestigation were forwarded to the Furnisher Defendants by the CRA Defendants.

**ANSWER**:    Capital One admits that it received ACDVs from Equifax, Experian, and Trans Union related to Plaintiff's Capital One accounts ending in -9862 and -7477, and Plaintiff's Discover account ending in-2736. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

96.    Information was available to the Furnisher Defendants that should have, upon a reasonable investigation, informed the Furnisher Defendants that their reporting was inaccurate, misleading, incomplete and/or could not be verified.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

97.    The Furnisher Defendants know, should know or act recklessly in not knowing that they were reporting and verifying inaccurate information to the CRAs.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

98.    The Furnisher Defendants know, should know or act recklessly in not knowing that they could not verify the accuracy of the information they were furnishing to the CRAs.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

99.     There is no reasonable interpretation of credit reporting law that could justify the Furnisher Defendants' reporting of the fraudulent tradelines, collection accounts, public records, and identifying information.

**ANSWER**:     Capital One denies the allegations contained in this paragraph.

100.     Despite their knowledge that the information being reported to Plaintiff's credit files was inaccurate, misleading, incomplete and/or could not be verified, the Furnisher Defendants repeatedly reported the information andrepeatedly verified the information as accurate, knowing that by doing so, Plaintiff's creditworthiness would be damaged.

**ANSWER**:     Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

101.     The Furnisher Defendants have taken actions that violate the FCRA, specifically Section 1681s-2(b). These actions include, but are not limited to, the following: (a) reporting inaccurate, misleading and/or incomplete information to the CRAs; (b) failing to fully, properly or reasonably investigate Plaintiff's requests for reinvestigation; (c) failing to review all relevant information regarding Plaintiff's requests for reinvestigation and/or disregarding that information after review; (d) after receiving notice of Plaintiff's requests for reinvestigation, continuing to submit inaccurate, misleading and/or incomplete information to the CRAs; (e) failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which the Furnisher Defendants knew to be inaccurate, misleading and/or incomplete; (f) failing to verify the accuracy of the information Plaintiff disputed; and (g) failing to accurately respond to Plaintiff's requests for reinvestigation made through the CRAs after receipt of those disputes.

**ANSWER**:     Capital One denies the allegations of this paragraph to the extent they are directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

102.    The Furnisher Defendants know that the information it provided to the CRAs was false, inaccurate, misleading, incomplete and/or could not be verified.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are

directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis,

denies those allegations.

103.    As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, damage to credit reputation, reduction in the credit limit or credit terms from at least one other creditor, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety, and embarrassment.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are

directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis,

denies those allegations.

104.    The acts and/or omissions of the Furnisher Defendants made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in Section 1681n.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are

directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis,

denies those allegations.

105.    The acts and/or omissions of the Furnisher Defendants made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided in Section 1681o.

**ANSWER**:    Capital One denies the allegations of this paragraph to the extent they are

directed to Capital One. Capital One lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

WHEREFORE, Defendant Capital One N.A., individually and as successor by merger to Discover Bank, respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice or, alternatively, enter judgment in its favor and against Plaintiff, award Capital One its costs of suit and attorneys' fees, and award Capital One any further relief that this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendant Capital One, N.A., individually and as successor by merger to Discover Bank, incorrectly named separately as "Capital One" and "Discover Bank" ("Capital One"), by counsel, states as its Affirmative Defenses to Plaintiff's Complaint, as follows:

### First Affirmative Defense

To the extent Plaintiff's claims are subject to an arbitration provision in the terms and conditions of applicable cardholder agreements, Capital One reserves the right to require Plaintiff to arbitrate his claims.

### Second Affirmative Defense

To the extent Plaintiff suffered any actual damages, which Capital One denies, then Plaintiff's claims are subject to the defense of failure of mitigate.

### Third Affirmative Defense

To the extent Plaintiff suffered any actual damages, which Capital One denies, such damages were not directly or proximately caused by Capital One, but rather by an intervening or superseding cause, or by the acts or omissions of another person, entity, or Plaintiff himself, for who or for which Capital One is not responsible.

**<u>Fourth Affirmative Defense</u>**

Capital One is entitled to each and every defense stated in the Fair Credit Reporting Act ("FCRA"), including any and all limitations of liability.

**<u>Fifth Affirmative Defense</u>**

The information Capital One furnished concerning Plaintiff was and is accurate, or, alternatively, Capital One had reasonable cause to believe that the information was and is accurate; therefore, Plaintiff cannot state a claim for the alleged violations of the FCRA.

**<u>Sixth Affirmative Defense</u>**

Capital One conducted reasonable investigations with respect to Plaintiff's credit disputes; therefore, Plaintiff cannot state a claim for the alleged violation of the FCRA.

**<u>Seventh Affirmative Defense</u>**

Any act or omission by Capital One was not done with any malice, intent, willfulness, or knowledge necessary to support an award of punitive damages against Capital One.

**<u>Eight Affirmative Defense</u>**

Any award of punitive damages against Capital One would violate Capital One's constitutional rights under the United States Constitution, including the Due Process Clauses of the Fifth and Fourteenth Amendment.

**<u>Ninth Affirmative Defense</u>**

Plaintiff's claims are barred, in whole or in part, under Article III of the United States Constitution because he has not suffered any injury-in-fact sufficient to give him standing to bring this suit.

## **Tenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of issue preclusion (collateral estoppel).

## **Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of claim preclusion (res judicata).

## **Twelfth Affirmative Defense**

In the event that Capital One is deemed liable, which Capital One expressly denies, Capital One is entitled under the doctrine of setoff and/or recoupment to offset any and all amounts that Plaintiff owes to Capital One against any judgment that may be entered against Capital One.

WHEREFORE, Defendant Capital One N.A., individually and as successor by merger to Discover Bank, respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice or, alternatively, enter judgment in its favor and against Plaintiff, award Capital One its costs of suit and attorneys' fees, and award Capital One any further relief that this Court deems just and equitable.

Dated: July 1, 2026                    Respectfully submitted,

                                       CAPITAL ONE, N.A., individually and as successor
                                       by merger to DISCOVER BANK

                                       By: /s/ Nicholas Vera                     
                                       One of its attorneys

Jeffrey D. Pilgrim
Nicholas Vera
Pilgrim Christakis LLP
One South Dearborn, Suite 1420
Chicago, Illinois 60603
Ph. (312) 470-6222
Fax (312) 939-0983
jpilgrim@pilrgrimchristakis.com
nvera@pilgrimchristakis.com

## CERTIFICATE OF SERVICE

Nicholas Vera, an attorney, certifies that on July 1, 2026, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Nicholas Vera